IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT L. FERRELL, DENNIS FOSTER, CHARLES N. McCALLUM, JR., FLOYD K. MOATES, CARLOS J. OLIVA, DAVID SEIBLES, WARREN YOUNG, and ALL OTHERS SIMILARLY SITUATED,<br><br>   Plaintiffs,<br>v.<br><br>GWINNETT COUNTY BOARD OF EDUCATION and GWINNETT COUNTY SCHOOL DISTRICT a/k/a GWINNETT COUNTY PUBLIC SCHOOLS,<br><br>   Defendants. | Civil Action File No. 1:05-CV 2047 MHS |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.   Description of Case:**

   (a)   Describe briefly the nature of this action.

   **This is an action arising under the Fair Labor Standards Act, of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA"), on behalf of all named plaintiffs and others similarly situated. The complaint seeks back pay and benefits (including unpaid compensation, unpaid and/or underpaid overtime compensation, and unpaid retirement contributions), as well as**

**liquidated damages provided for under the FLSA, reasonable attorneys' fees and litigation expenses, and all other damages allowed under the law.**

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**The Plaintiffs are present and former School Resource Officers employed by the Gwinnett County Board of Education and/or the Gwinnett County School District a/k/a Gwinnett County Public Schools. Plaintiffs allege that at all times relevant to this action, their employer has been subject to the FLSA, and the position of School Resource Officer was not exempt under the FLSA. Plaintiffs allege that over the three plus years preceding the filing of this action, they worked many hours for which they should have been compensated at overtime rates (1.5 times regular rate) and for which they were either not compensated at all or underpaid. Plaintiffs maintain that their employer has violated the FLSA and that such violations were willful as defined under the FLSA.**

**The Defendants deny all allegations.**

(c)   The legal issues to be tried are as follows:

(i)   Whether Defendants violated the FLSA with respect to each Plaintiff;

**(ii)     Whether Defendants' violations of the FLSA, if any, were committed in good faith or were willful violations of the FLSA with respect to each Plaintiff;**

**(iii)    If Defendants violated the FLSA, what are each Plaintiff's damages?**

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:  **None.**

(2)    Previously Adjudicated Related Cases:  **None.**

**2.**    This case is complex because it possesses one (1) or more of the features listed below (please check):

\_\_\_\_\_ (1)   Unusually large number of parties
\_\_\_\_\_ (2)   Unusually large number of claims or defenses
\_\_\_\_\_ (3)   Factual issues are exceptionally complex
\_\_\_\_\_ (4)   Greater than normal volume of evidence
\_\_\_\_\_ (5)   Extended discovery period is needed
\_\_\_\_\_ (6)   Problems locating or preserving evidence
\_\_\_\_\_ (7)   Pending parallel investigations or action by government
\_\_\_\_\_ (8)   Multiple use of experts
\_\_\_\_\_ (9)   Need for discovery outside United States boundaries
\_\_\_\_\_ (10)  Existence of highly technical issues and proof

**Not applicable.**

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

|   |   |   |
|---|---|---|
| Plaintiffs: | Joseph A. Fried |
| | Henry, Spiegel, Fried & Milling, LLP |
| | 950 East Paces Ferry Road |
| | Suite 2450 |
| | Atlanta, Georgia 30326 |
| | |
| Defendant: | Michael D. Kaufman |
| | Troutman Sanders LLP |
| | 5200 Bank of America Plaza |
| | 600 Peachtree Street, N.E. |
| | Atlanta, Georgia  30308 |

**4.    Jurisdiction:**

Is there any question regarding this court's jurisdiction?

　X　Yes　　　　　No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**Defendants allege that the Gwinnett County Board of Education is not amendable to suit, and, therefore, the Court lacks jurisdiction to entertain this action against the Gwinnett County Board of Education.  <u>Cook v. Colquitt County Board of Education</u>, 261 Ga. 841 (Ga. 1992) ("[i]n a long line of cases, we, and the Court of Appeals have held that a County Board of Education, unlike the school district which it manages, is not a body corporate and does**

not have the capacity to sue or be sued"). However, Plaintiffs allege that Georgia courts have recognized exceptions to this general rule in situations similar to those present in the case at bar. See, e.g., Lance Roofing Co. v. Gwinnett County Bd. of Educ., 235 Ga. 590, 221 S.E.2d 23 (1975); Knight v. Troup County Bd. of Educ., 144 Ga. App. 634, 242 S.E.2d 263 (1978). The parties are attempting to resolve this issue by stipulation.

5.      Parties to This Action:

(a)     The following persons are necessary parties who have not been joined: **None.**

(b)     The following persons are improperly joined as parties: **Defendants allege that the Gwinnett County Board Of Education is improperly joined.**

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:  **Plaintiffs need certain discovery from the defendants before determining whether additional claims should be brought. Plaintiffs may seek to add a claim for breach of contract and may seek to add additional claims.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**The parties have no objections.**

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Not at this time.**

**10.     Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Discovery will be needed regarding: the allegations and claims in Plaintiffs' Complaint and any amendment thereto, Defendant's defenses, and Plaintiffs' damages.  That discovery includes, but is not limited to, defendants' policies, procedures and practices relating to overtime compensation; Defendants' FLSA classification of School Resource Officers during the three years preceding the commencement of this action and the reasons, rationale and decision making process regarding such classification; defendants'**

**employment practices regarding School Resource Officers; the hours worked by each Plaintiff over the three years preceding the commencement of this action and how they were compensated; employment and payroll records; facts going to prove or disprove various elements and provisions of the FLSA; and the knowledge and understanding of Defendants concerning the application of the FLSA to Plaintiffs.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**At this time, the parties do not anticipate that additional time for discovery will be needed.**

**11.  Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**12.  Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

13.  **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 12, 2005, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiffs:   Lead counsel (signature): /s/Joseph A. Fried

   Other participants: Marla Eastwood, Esq.

For Defendant:   Lead counsel (signature): /s/ Michael D. Kaufman

   Other participants:   Victoria Sweeney, Esq.
   Robert C. Stevens, Esq.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(__X__) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with judge is needed.

(_____) No possibility of settlement.

(c) Counsel(__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The

proposed date of the next settlement conference is to be determined after some discovery is conducted but prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

**The parties' conflicting views regarding liability. The parties anticipate needing the Court to determine whether, during any of the time relevant to this action, any of the Plaintiffs were exempt under the FLSA.**

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2005.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted, this 28th day of September, 2005.

| | |
|---|---|
| /s/Marla Eastwood | /s/ Robert C. Stevens |
| Joseph A. Fried | Michael D. Kaufman |
| Georgia State Bar Number 277251 | Georgia State Bar Number 409195 |
| Marla Eastwood | Robert C. Stevens |
| Georgia State Bar Number 237701 | Georgia State Bar Number 680142 |
| Henry, Spiegel, Fried & Milling, LLP | Troutman Sanders LLP |
| 950 East Paces Ferry Road, Suite 2450 | 5200 Bank of America Plaza |
| Atlanta, Georgia 30326-1386 | 600 Peachtree Street, N.E. |
| Telephone: 404-832-8000 | Atlanta, Georgia 30308 |
| Facsimile: 404-832-8050 | Telephone: 404-885-3000 |
| | Facsimile: 404-885-6693 |
| Counsel for Plaintiffs | Counsel for Defendants |

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE